UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
☐ Eastern (Jackson) DIVISION
☐ Western (Memphis) DIVISION

RECEIVED
'9 DEC -4 PM 4:41

THOMAS M. GOULD
CLK, U.S. DISTRICT COURT
W.D. OF TN MEMPHIS

Gerald G. Nelson )
    Plaintiff, )
 )
vs. )   No. _____
 )
Robert Wilkie )
Dept of Vet Affairs )
    Defendant. Secr. of Veteran )
    Affairs

## COMPLAINT

1. This action is brought for discrimination in employment pursuant to *(check only those that apply)*:

   ☑ Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17 (amended in 1972, 1978 and by the Civil Rights Act of 1991, Pub. L. No. 102-166) (race, color, gender, religion, national origin).
   ***NOTE:*** *In order to bring a suit in federal district court under Title VII, you must first obtain a right to sue letter from the Equal Employment Opportunity Commission.*

   ☐ Age Discrimination in Employment Act of 1967, as codified, 29 U.S.C. §§ 621 – 634 (amended in 1984, 1990, and by the Age Discrimination in Employment Amendments of 1986, Pub. L. No. 92-592, the Civil Rights Act of 1991, Pub. L. No. 102 -166)
   ***NOTE:*** *In order to bring a suit in federal district court under the Age Discrimination in Employment Act, you must first file charges with the Equal Employment Opportunity Commission.*

   ☐ Americans with Disabilities Act of 1990, as codified, 42 U.S.C. §§ 12112 – 12117 (amended by the ADA Amendments Acts of 2008, Pub. L. No. 110-325 and the Civil Rights Act of 1991, Pub. L. No. 1102-166).
   ***NOTE:*** *In order to bring a suit in federal district court under the Americans with Disabilities Act, you must first obtain a right to sue letter from the Equal Employment Opportunity Commission.*

## JURISDICTION

2. Jurisdiction is specifically conferred upon this United States District Court by the aforementioned statutes, as well as 28 U.S.C. §§ 1331, 1343. Jurisdiction may also be appropriate under 42 U.S.C. §§ 1981, 1983 and 1985(3), as amended by the Civil Rights Act of 1991, Pub. L. No. 102-166, and any related claims under Tennessee law.

## PARTIES

3. Plaintiff resides at:

   _1031 Woodland Glen Dr. Cordova TN 38018_
   STREET ADDRESS

   _Shelby_, _TN_, _38018_, _901 3409604_
   County    State    Zip Code    Telephone Number

4. Defendant(s) resides at, or its business is located at:

   _1030 Jefferson Ave Memphis TN_
   STREET ADDRESS

   _Shelby_, _Memphis_, _TN_, _38104_
   County   City   State   Zip Code

   NOTE: If more than one defendant, you must list the names, address of each additional defendant.

   _Sheena House  1030 Jefferson Ave  38104_
   _Andy Jenkins  1030 Jefferson Ave  38104_

5. The address at which I sought employment or was employed by the defendant(s) is:

   _VA Medical Center_

STREET ADDRESS

__Shelby__, __Memphis__, __TN__, __38104__.
County          City           State      Zip Code

6. The discriminatory conduct of which I complain in this action includes *(check only those that apply)*

   ☐ Failure to hire

   ☐ Termination of my employment

   ☐ Failure to promote

   ☒ Failure to accommodate my disability

   ☒ Unequal terms and conditions of my employment

   ☒ Retaliation

   ☐ Other acts*(specify)*:_____

**NOTE:** *Only those grounds raised in the charge filed with the Equal Employment Opportunity Commission can be considered by the federal district court.*

7. It is my best recollection that the alleged discriminatory acts occurred on:
   __Nov. 19 initial,_____.
   Date(s)

8. I believe that the defendant(s) *(check one)*:

   ☒ is still committing these acts against me.

   ☐ is *not* still committing these acts against me.

9. Defendant(s) discriminated against me based on my:
   *(check only those that apply and state the basis for the discrimination. For example, if religious discrimination is alleged, state your religion. If racial discrimination is alleged, state your race, etc.)*

3

[x] Race African American

[ ] Color _____

[ ] Gender/Sex _____

[ ] Religion _____

[ ] National Origin _____

[x] Disability _____

[ ] Age. If age is checked, answer the following:
I was born in _____. At the time(s) defendant(s) discriminated against me.

I was [ ] more [ ] less than 40 years old. (check one)

NOTE: Only those grounds raised in the charge filed the Equal Employment Opportunity Commission can be considered by the federal district court.

10. The facts of my case are as follows:

I was placed on a shift per my request for hardship to be home to get 3 minor children off the bus. It was approved. A few months later the shift was removed b/c I made a claim against my supervisor at the time. Since 2015 until recently I fought for my one hour shift return to no avail. However, others w/ the same or similar request of other races were approved for time difference. Since I have custody of my grandchildren, one has a disability and was still not approved. This has caused my wife stress and the inability to work full time. As of 2018, I was recently moved to another department related to arm injury but my pay is at risk & I am being retaliated against in my current position as well. I don't want a cut in pay & would like to have a regular shift in my regular department & given the opportunity to recoup leave b/c I had to use to be home for my children. My current evaluation has been demoted even on the new apt although I am a model employee!!

(Attach additional sheets as necessary)

NOTE: As additional support for your claim, you may attach to this complaint a copy of the

4

*charge filed with the Equal Employment Opportunity Commission or the Tennessee Human Rights Commission.*

11. It is my best recollection that I filed a charge with the Tennessee Human Rights Commission regarding defendant's alleged discriminatory conduct on: 12/2015

12. It is my best recollection that I filed a charge with the Equal Employment Opportunity Commission regarding defendant's alleged discriminatory conduct on: 12/2015.
Date

**Only litigants alleging age discrimination must answer Question #13.**

13. Since filing my charge of age discrimination with the Equal Employment Opportunity Commission regarding defendant's alleged discriminatory conduct. *(check one):*

    ☐ 60 days or more have elapsed

    ☐ Less than 60 days have elapsed.

14. The Equal Employment Opportunity Commission *(check one)*:

    ☐ has not issued a Right to Sue Letter.

    ☐ has issued a Right to Sue letter, which I **received** on_____.
Date

*NOTE:* *This is the date you received the Right to Sue letter, not the date the Equal Employment Opportunity Commission issued the Right to Sue letter.*

15. Attach a copy of the Right to Sue letter from the Equal Employment Opportunity Commission to this complaint.

*NOTE: You must attach a copy of the right to sue letter from the Equal Employment Opportunity Commission.*

16. I would like to have my case tried by a jury:

    ☑ Yes

    ☐ No

5

**WHEREFORE,** plaintiff prays that the Court grant the following relief:

☐ direct that the Defendant employ Plaintiff, or

☐ direct that Defendant re-employ Plaintiff, or

☐ direct that Defendant promote Plaintiff, or

☒ order other equitable or injunctive relief as follows: repay leave pay & time used when my hour was taken away, receve current pay w/out retaliation in new dept.

☐ direct that Defendant pay Plaintiff back pay in the amount of _____ and interest on back pay;

☒ direct that Defendant pay Plaintiff compensatory damages: Specify the amount and basis for compensatory damages: allowed

_____
SIGNATURE OF PLAINTIFF

Date: 12/4/19

1031 Woodland Glen
Address

Cordova TN 38018

901 340 9604
Phone Number

6

DEPARTMENT OF VETERANS AFFAIRS
OFFICE OF EMPLOYMENT DISCRIMINATION COMPLAINT ADJUDICATION
WASHINGTON, D.C. 20420

OCT - 4 2019

### TRANSMITTAL OF FINAL AGENCY DECISION OR ORDER

TO: The Parties
Representatives of the Parties (if applicable)
ORM Field Office
EEOC Administrative Judge (if applicable)

SUBJ: Final Agency Decision or Order

Complainant's Name:   Gerald Nelson
Agency Case No.:   200I-0614-2016100913
EEOC Case No.:   490-2016-00164X

Enclosed is the Department's Final Agency Decision or Final Order concerning the above-referenced complaint of employment discrimination.

The Final Decision/Order includes a statement explaining Complainant's right of appeal and right to file a civil action.

The transmittal to Complainant and, if applicable, Complainant's representative, includes EEOC Form 573 (MSPB Form 185, if the subject complaint is a "mixed case") for use should Complainant wish to appeal the enclosed Final Decision/Order.

If Complainant requested a hearing before an EEOC administrative judge, the transmittal to the ORM field office also encloses the hearing record, including the EEOC administrative judge's decision, and/or other miscellaneous correspondence/documents provided to this office by the judge.

Maxanne R. Witkin
Director

Enclosure(s)

DEPARTMENT OF VETERANS AFFAIRS
OFFICE OF EMPLOYMENT DISCRIMINATION COMPLAINT ADJUDICATION
WASHINGTON, D.C. 20420

| | |
|---|---|
| Gerald Nelson  *Complainant,*  v.  Secretary, Department of Veterans Affairs  *Agency,* | VA Case No. 200I-0614-2016100913  EEOC Case No. 490-2016-00164X |

## FINAL AGENCY DECISION

### INTRODUCTION

In a formal EEO complaint filed on December 30, 2015, Complainant alleged that officials at the VA Medical Center (VAMC) in Memphis, Tennessee, discriminated against him as referenced below. The Department's Office of Resolution Management (ORM) investigated the complaint in accordance with Equal Employment Opportunity Commission regulation 29 C.F.R. Section 1614.108.

At the conclusion of the investigation, the Department notified Complainant in writing of the right to request either a hearing and decision by an EEOC administrative judge, with a subsequent final action by the Department, or an immediate final decision by the Department without a hearing. According to the complaint file, Complainant requested a hearing before an EEOC administrative judge. On September 6, 2018, the administrative judge dismissed the complaint based on Complainant's withdrawal of his hearing request. Accordingly, the administrative judge remanded the complaint to the Department's Office of Employment Discrimination Complaint Adjudication (OEDCA) for an immediate final agency decision based on the investigative record. OEDCA received the file from the judge on September 7, 2018.

## CLAIM

Whether Complainant was discriminated against based on race (Black) and reprisal for prior EEO activity when on or about November 19, 2015, his request for a change in tour of duty was denied.

## SUMMARY OF FACTS

During the time period relevant to this complaint, the Department employed Complainant as a Painter, WG-09, at the VAMC in Memphis, Tennessee. Complainant's first line supervisor (S1) was Shop Supervisor; and his second line supervisor (S2) was Engineering Manager.[1] Complainant identified S2 and his fourth level supervisor, the Chief, Engineering Service,    GS-14 (White) (S4) as having discriminated against him based on his race and reprisal. (Report of Investigation [ROI], Tab 7-1, pp. 39, 40, Tab 7-2, pp. 42, 43, Tab 7-3, p. 54)

**Protected Classes**

*Race*

Complainant identified his race as "Black-African American". (ROI, Tab 7-1, p. 39)

S4 testified that she believed that Complainant was "African American". (ROI, Tab 7-2, p. 43)

*Reprisal*

Complainant identified his prior EEO activity as having attempted to obtain the same shift for the same purposes prior to this action. He advised that this was his second attempt at requesting a shift change due to a family hardship. Complainant maintained that S2 was involved in his previous request and S4 was new to the position but seemed fully aware of his prior attempt. (ROI, Tab 7-1, p. 40)

Complainant's assigned shift was 7:00 a.m. to 3:30 p.m. In an email to S2 dated July 10, 2015, Complainant requested a shift change to 6:00 a.m. to 2:30 p.m. to be home in the afternoon for his three minor children. (ROI, Tab 7-3, p. 57)

Included in the record evidence is a Counselor's Report for Complainant's prior EEO activity (VA Case No. 200I-6014-2015105163). It noted that Complainant made his initial EEO contact on September 1, 2015, and that a mediation was held on October 7, 2015. The Counselor's Report indicated that the EEO complaint was not resolved at mediation and the Notice of Right to File was issued on October 7, 2015. (ROI, Tab 7-4, pp. 66-68)

---

[1] According to the Report of Investigation, it was determined that no relevant testimony could be elicited from S2 as he was not the decision-maker with regard to the action at issue. Therefore, this FAD will only provide documentary evidence and testimony of others related to S2. (ROI, Tab 6-1, p. 37)

2

S4 testified that S2 may have been responsible for telling her that Complainant filed a prior EEO complaint on this same issue. She stated that she was not sure when she was told but it could have been around the time that the instant case was filed. S4 maintained that she was not named in, nor involved, in Complainant's prior EEO activity. (ROI, Tab 7-2, p. 43)

Documentary evidence includes an email dated November 16, 2015, from S4 to Complainant. S4 indicated therein that she had participated in Complainant's October 7, 2015 mediation. (ROI, Tab 7-2, p. 44)

**Claim**

Complainant testified that his assigned duty hours were 7:00 a.m. to 3:30 p.m. He advised that he was seeking to change his duty hours to 6:00 a.m. to 2:30 p.m. due to the fact that he had three minor children that were coming home alone. Complainant asserted that he and his wife shared the responsibility of the drop-off and pick-up of their children. He explained that his wife would drop off the last child at 9:15 a.m. and he requested to leave at 2:30 p.m. to be at home and to be able to pick up his children. (ROI, Tab 7-1, p. 40)

Complainant explained that the procedure for making his request required him to give his request to S1, which he did verbally and by email. He advised then in return, S1 was to provide the request to S2. Complainant maintained that he never received a response from S2. He contended that S2 was to submit his request to S4. (ROI, Tab 7-1, p. 41)

Complainant averred that he made his request to for a change in his duty hours both verbally and in writing. He attested that S4 stated that she was not going to give anyone in the "'carpenter shop/painters'" the shift that he requested. (ROI, Tab 7-1, p. 40)

Documentary evidence includes an email dated November 10, 2015, from Complainant to S2 and S4. Complainant indicated that he was requesting a shift change from 7:00 a.m. to 3:30 p.m. to 6:00 a.m. to 2:30 p.m. Complainant noted that the change was needed due to his need to be home to pick up his minor children. (ROI, Tab 7-3, p. 53)

The record evidence revealed that S2 replied to Complainant's email by informing him that his request should first be sent to S1. S2 went on to inform Complainant that he was sending the request to S4 as she had final authority regarding work schedule changes. Thereafter, Complainant forwarded his request to S1. (ROI, Tab 7-3, pp. 54, 55)

Six days later, on November 16, 2015, S4 replied to Complainant's request for a tour of duty change. S4 informed Complainant that she was not going approve his request for a shift change. S4 specified that she was not going to approve anyone's request for an earlier shift in the carpenter shop for the following reasons:

1.    The operation of the shop is that each employee is assigned their work on a daily basis by the supervisor;

2.    The work assignments are not given to the employees until the supervisor arrives each morning at 7AM and assesses the work orders, workload, and project assignments to determine where each employee will need to be assigned;

3.    The warehouse is not open until 7:30AM for the carpenter shop to obtain some of their materials that are needed with the work assignments they are assigned each morning; and

4.    Quite a few of the areas that the employees are assigned work are difficult to obtain access to prior to 7:30AM when staff arrive.

(ROI, Tab 7-3, p. 56) S4 went on to inform Complainant that the shop had a daily change in work assignments based on the work orders and projects that would come in and it was critical that the supervisor be present to issue the assignments in the morning. She specified that she was denying Complainant's request for the reasons detailed. (ROI, Tab 7-3, p. 56)

## ANALYSIS

### 1. Statement of Applicable Law

The law prohibiting discrimination based on race and reprisal is Title VII of the Civil Rights Act of 1964, as amended, Section 701 et seq., 42 U.S.C. 2000e et seq. ("Title VII"). Federal sector equal employment opportunity regulations are set out in 29 C.F.R. Part 1614.

### Disparate Treatment

In the absence of direct evidence of discrimination, the tripartite analysis first enunciated in McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973), applies to claims of discrimination alleging disparate treatment. Chapman v. AI Transp., 229 F.3d 1012, 1024 (11th Cir. 2000) (applying the Title VII burden-shifting analysis to ADEA cases). Under this analytical framework, the complainant must first establish a prima facie case of discrimination by presenting facts reasonably giving rise to an inference of discrimination when unexplained: i.e., a prohibited reason was a factor in the adverse employment action. McDonnell Douglas, 411 U.S. at 802. Once the complainant establishes a prima facie case, a presumption arises that management unlawfully discriminated against the complainant, and the burden shifts to management "to articulate some legitimate,

4

nondiscriminatory reason" to rebut the prima facie case. Tex. Dep't of Cmty. Affairs v. Burdine, 450 U.S. 248, 253-54 (1981). Should management meet this burden of production, the complainant "must then have an opportunity to prove by a preponderance of the evidence that the legitimate reasons offered by [management] were not its true reasons, but were a pretext for discrimination." Burdine, 450 U.S. at 254. Ultimately, the burden of showing management intentionally discriminated against the complainant on the basis of his or her protected status remains at all times with the complainant. St. Mary's Honor Ctr. v. Hicks, 509 U.S. 502, 507 (1993).

The prima facie inquiry may be dispensed with, however, when an agency articulates legitimate and non-discriminatory reasons for its conduct. Instead, the factfinder should review the entire record to determine whether the record supports a finding of discrimination. See, U.S. Postal Service Board of Governors v. Aikens, 460 U.S. 711, 713-17 (1983); Holley v. Department of Veterans Affairs, EEOC Request No. 05950842 (November 13, 1997).

## Reprisal

Employers may not take retaliatory actions that are likely to deter a reasonable employee or applicant from engaging in protected EEO activity. Burlington Northern and Santa Fe Railway Corporation v. White, 548 U.S. 53 (2006); see also 42 U.S.C. § 2000e-3(a). A prima facie case of reprisal must show: (1) the complainant engaged in a protected activity, (2) management was aware of the protected activity, (3) management took actions which adversely impacted the complainant after the protected activity, and (4) the management action occurred in a manner that suggests the complainant's protected EEO activity was a motivating factor for the action. Clemente M. v. Department of Army, EEOC Appeal No. 0720140015 (March 16, 2017); Petitioner v. Department of the Interior, EEOC Petition No. 0320110050 (July 16, 2014), n.6 (declining to adopt the stricter standard enunciated in University of Texas Medical Center v. Nasser, 570 U.S. 338 (2013) supporting a charge of discrimination). See also Equal Employment Opportunity Commission Compliance Manual, Volume 2, Section 8, at 8-13 (Retaliation).

We proceed below to apply the foregoing principles to the Complainant's allegation of disparate treatment.

### 2. Discussion

#### *Prima Facie Case*

Complainant is a member of a protected group by virtue of his race and his prior EEO activity. As a result, we find that Complainant has established a *prima facie* case of race and reprisal discrimination. Accordingly, we proceed below to determine whether management articulated a legitimate nondiscriminatory reason for its action.

5

### *Management's Response*

S4 attested that the regular tour of duty for the VAMC was 8:00 a.m. to 4:30 p.m. and any duty hours outside of that would be considered irregular. She advised that all requests that would be considered irregular tours of duty had to be submitted through the Medical Center Director through the Chief, Human Resources and Assistant/Associate Medical Center Director. S4 maintained that changes in duty hours were requested through the supervisor first and then sent up the chain-of-command as needed. (ROI, Tab 7-2, p. 45)

Contained in the record evidence is Policy Memorandum 05-02, *Tours of Duty* (PM 05-02) dated March 23, 2016. PM 05-02 indicated that "[a]ll employees will work an assigned tour of duty. The normal tour of duty for the Medical Center is 8:00 a.m. to 4:30 p.m., Monday through Friday. Other hours of duty necessary to carry out operations hereinafter will be referred to as irregular tours of duty, part-time tours of duty, and compressed work schedules." Section 4.b(1) of PM 05-02 provides that requests for an approved irregular tour of duty must be submitted to the Medical Center Director through the Chief, Human Resources Management Service and Assistant/Associate Medical Center Directors or Chief of Staff as appropriate. It explained that an irregular tour of duty was any schedule other than Monday through Friday, 8:00 a.m. to 4:30 p.m. Section 4.b(2) goes on to mandate that "[a] statement must be provided for each new irregular tour of duty requested on the submission. This statement should fully justify the need for the new irregular tour and for each position to be assigned…In establishing tours of duty, it is important to keep in mind that such a tour must meet the needs of the services being provided to veterans or the accomplishment of the assigned duties of the position; and that proper supervision can be provided over the employees who are performing these duties." (ROI, Tab 7-3, pp. 47, 48)

S4 testified that Complainant's duty hours were 7:00 a.m. to 3:30 p.m. She advised that Complainant sent an email dated November 10, 2015, to her and S2 stating that he wanted to change his duty hours to 6:00 a.m. to 2:30 p.m. to be home to pick up his minor children. (ROI, Tab 7-2, pp. 43-44)

S4 averred she responded to Complainant's email on November 16, 2015. She explained that she informed Complainant, via email, that she was denying his shift change for the following four reasons detailed in her email:

1.      The operation of the shop is that each employee is assigned their work on a daily basis by the supervisor;

2.      The work assignments are not given to the employees until the supervisor arrives each morning at 7AM and assesses the work orders, workload, and project assignments to determine where each employee will need to be assigned;

6

3.      The warehouse is not open until 7:30AM for the carpenter shop to obtain some of their materials that are needed with the work assignments they are assigned each morning; and

4.      Quite a few of the areas that the employees are assigned work are difficult to obtain access to prior to 7:30AM when staff arrive.

S4 advised that it was critical that the supervisor be present to handle work orders and projects that were made on a daily basis. (ROI, Tab 7-2, p. 44, Tab 7-3, p. 56)

S4 testified that Complainant's race and prior EEO activity were not factors in her denial of Complainant's request to change his duty hours. S4 stated that as she explained in her email, she would not be approving anyone's request for an earlier shift in the carpenter shop for the reasons she detailed in the November 16, 2015, email. (ROI, Tab 7-2, p. 45)

### *Pretext*

In order to show pretext, a complainant must provide evidence proving management's reason was factually baseless, was not the actual motivation for its decision, or was insufficient to motivate its action. Balderston v. Fairbanks Morse Engine Div., 328 F.3d 309, 323 (7th Cir. 2003).

In an effort to establish pretext, Complainant maintained that S4's denial was not acceptable because he was making his request due to a family hardship. He maintained that he worked on numerous special assignments earlier than the shift he was requesting. (ROI, Tab 7-1, p. 40)

In support of his contention, Complainant attested that this was the same procedure that two other Caucasian employees followed prior to receiving their shift changes based on hardships. S4 denied that any co-workers of Complainant had been granted a request for a change in duty hours. There is no evidence in the record to support Complainant's contention that two Caucasian employees were granted shift changes by S4 based on family hardships. (ROI, Tab 7-1, pp. 40, 41, Tab 7-2, p. 45)

Nothing in the record evidence would suggest that S4 denied Complainant's request for a tour of duty change based on his race and/or prior EEO activity. There is no evidence in the record that S4's decision violated VA policy. To the contrary, S4's denial was based on the efficiency of the service that Complainant provided to the VA. S4's November 16, 2015, email clearly detailed why it was necessary for Complainant, as a painter, to maintain his then current duty hours. There is insufficient evidence to demonstrate that S4's decision to deny Complainant's request for a schedule change was false or based on Complainant's race or protected EEO activity.

7

After a complete review of the record, we are not persuaded by Complainant's pretext argument. We find insufficient evidence in the record to conclude that S4 took any action against Complainant based on his race and/or prior EEO activity. We find Complainant's subjective belief that S4 harbored animus toward him based on his race or prior EEO activity insufficient to establish pretext. See, e.g. Hunt v. Department of the Interior, EEOC Appeal No. 0120053344 (2007) (complainant's own subjective belief that she was the victim of discrimination, however genuine, does not constitute evidence that management's explanation was a pretext for discrimination). Absent evidence of discriminatory animus, we cannot conclude that management's action was unlawful. See, e.g. DiFruscio v. Social Security Administration, EEOC Appeal No. 01982006 (2000) (declining to find reprisal or sex discrimination where complainant failed to provide comparative evidence that she was treated differently than those outside of her protected class or objective evidence to establish an inference of discrimination). Accordingly, we conclude that Complainant fails to present sufficient evidence to establish pretext. Levells v. Department of Veterans Affairs, EEOC Appeal No. 0120093689 (2011) (finding no discrimination where complainant fails to rebut agency's legitimate, nondiscriminatory reasons for its actions).

It is not a function of the EEO process to restrain management's employment decisions or to substitute another judgment for that of the deciding official. We cannot second-guess management's personnel decisions absent a demonstrably discriminatory motive. Loeb v. Textron, Inc., 600 F.2d 1003 (1st Cir. 1979). In this case there is insufficient evidence of such a motive.

In view of the foregoing, we find that the Complainant fails to present sufficient evidence to establish pretext.

## CONCLUSION

Complainant fails to establish by a preponderance of the evidence that he was discriminated against as alleged. We award no remedy, and we do not award attorney's fees or costs.

## RIGHT OF APPEAL

Within 30 days of receipt of this final decision, Complainant has the right to appeal it to: **Equal Employment Opportunity Commission, Office of Federal Operations, P.O. Box 77960, Washington, D.C. 20013.** If an appeal is filed, EEOC Form 573 should be used. A copy of EEOC Form 573 is attached.

A copy of the appeal to the EEOC **must** also be sent to the VA Office of General Counsel at the following address: **Department of Veterans Affairs, Office of the General Counsel (024), 810 Vermont Ave., N.W., Washington, D.C. 20420.**

Statements or briefs in support of the appeal **must** be submitted to the EEOC within 30 calendar days of the filing of the appeal. <u>A copy of any such statement or brief, including any statements made on EEOC's "Appellant Docketing Statement", must also be sent to the VA's Office of General Counsel at the above address</u>.

If an appeal is filed with the EEOC, the appeal, and any subsequently filed statement or brief, **must** contain a statement certifying the date and method by which copies of these documents were served on the VA's Office of General Counsel.

If Complainant files an appeal with the Commission beyond the above-noted time limit, Complainant should provide the Commission with an explanation as to why the appeal should be accepted despite its untimeliness. If Complainant cannot explain why timeliness should be excused, the Commission may dismiss the appeal as untimely.

### RIGHT TO FILE A CIVIL ACTION

Complainant also has the right to file a civil action in an appropriate United States District Court. Complainant may file a civil action

> within 90 days of receipt of this final decision <u>if no appeal to EEOC has been filed</u>; or
>
> within 90 days after receipt of the EEOC's final decision on appeal; or
>
> after 180 days from the date of filing an appeal with the EEOC if there has been no final decision by the Commission.

Complainant **must** name the person who is the official head of the Department of Veterans Affairs as the defendant. Department means the national organization, and not just the local office, facility, or unit in which Complainant works. Complainant may not name just the Department. Complainant must name **Robert L. Wilkie** as the defendant. Complainant must also state the official title of the Department head. The official title of the head of the Department of Veterans Affairs is **Secretary of Veterans Affairs.** Failure to provide the name or official title of the head of the Department may result in dismissal of the case.

If Complainant decides to file a civil action under Title VII (discrimination due to race, color, religion, sex, national origin, or reprisal) or under the Rehabilitation Act of 1973, as amended, (discrimination due to disability), and if Complainant does not have or cannot afford the services of an attorney, Complainant may request that the Court appoint an attorney to represent Complainant and that the Court permit Complainant to file the action without payment of fees, costs, or other security.

9

**The grant or denial of the request is within the sole discretion of the Court.** Filing a request for an attorney does not extend the time in which to file a civil action. Both the request and the civil action MUST BE FILED WITHIN NINETY (90) CALENDAR DAYS of the date Complainant receives the final decision from the Department or the Commission.

_____  
MAXANNE R. WITKIN  
Director, Office of  
Employment Discrimination  
Complaint Adjudication

OCT - 4 2019  
Date

Attachment: EEOC Form 573

10

DEPARTMENT OF VETERANS AFFAIRS
OFFICE OF EMPLOYMENT DISCRIMINATION COMPLAINT ADJUDICATION
WASHINGTON, D.C. 20420

OCT - 4 2019

CERTIFICATION OF SERVICE

Complainant's Name: Gerald Nelson
Agency Case No.: 200I-0614-2016100913
EEOC Case No.: 490-2016-00164X

I certify that on this date, the foregoing Final Agency Decision was sent via First Class Mail to the individuals and parties shown below.

For timeliness purposes, it shall be presumed that the parties received the foregoing Final Agency Decision within five (5) calendar days after the date it was sent via First Class Mail.

Complainant:

Gerald Nelson
1031 Woodland Glen Drive
Cordova, TN 38018

Facility Director or Staff Office Head:

Director (614/00)
Memphis VA Medical Center
1030 Jefferson Avenue
Memphis, TN 38104

ORM Field Office:

Department of Veterans Affairs
Office of Resolution Management (08J)
140 Fountain Parkway, Suite 620
St. Petersburg, FL 33716

EEOC Administrative Judge:

Deana P. Windham
Supervisor Administrative Judge
Equal Employment Opportunity Commission
1407 Union Avenue, Suite 901
Memphis, TN 38104

VA Regional Counsel's Office:

Department of Veterans Affairs
Office of Regional Counsel
Attn: Keta Barnes
3322 West End Avenue, Suite 509
Nashville, TN 37203

_____           OCT - 4 2019
Signature of Dispatcher              Dispatch Date