IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

_____

| | |
|---|---|
| **GERALD G. NELSON,** | ) |
| | ) |
|     **Plaintiff,** | ) |
| | ) |
| VS. | )   No. 19-2839-JPM-tmp |
| | ) |
| **ROBERT WILKIE, et al.,** | ) |
| | ) |
|     **Defendants.** | ) |

_____

**REPORT AND RECOMMENDATION**
_____

On December 4, 2019, plaintiff Gerald G. Nelson filed a *pro se* complaint and a motion to proceed *in forma pauperis*.[1] (ECF Nos. 1 & 2.) The undersigned granted leave to proceed *in forma pauperis* by separate order. (ECF No. 8.) Pursuant to § 1915, in proceedings *in forma pauperis*, the court shall dismiss the case at any time if it determines that the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

Nelson, who is employed at the Memphis VA Medical Center,

---

[1] Pursuant to Administrative Order No. 2013-05, this case has been referred to the United States magistrate judge for management and for all pretrial matters for determination and/or report and recommendation as appropriate.

seeks to assert Title VII claims against Robert Wilkie, the Secretary of Veterans Affairs. (ECF No. 1 at 2.) Nelson also lists two individuals as defendants: Sheena House and Andy Jenkins. (Id.) The complaint, however, does not provide any insight into who these individuals are or the role they played in the events underlying Nelson's complaint. Accordingly, Nelson fails to state a claim against the individual defendants. See Barnett v. Luttrell, 414 F. App'x 784, 786 (6th Cir. 2011) ("To avoid dismissal, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."). In any event, "Title VII does not allow for liability on the part of any person or entity other than Plaintiff's 'employer.'" Han v. Univ. of Dayton, 541 F. App'x 622, 629 (6th Cir. 2013). "[A]n 'employer' does not include the 'supervisors,' 'managers,' or 'co-workers' of a plaintiff." Id. Accordingly, even if House and Jenkins were involved in the events underlying Nelson's complaint in a supervisory or managerial role, the complaint would nevertheless fail to state a Title VII claim against them. See Colston v. Cleveland Pub. Library, 522 F. App'x 332, 336 (6th Cir. 2013) ("[A]n individual employee/supervisor, who does not otherwise qualify as an 'employer,' may not be held personally liable under Title VII.") (quoting Wathen v. Gen. Elec. Co., 115 F.3d 400, 405-06 (6th Cir. 1997)).

For the foregoing reasons, it is recommended that the complaint be dismissed to the extent that it seeks to assert Title VII claims against defendants Sheena House and Andy Jenkins. To the extent that the complaint seeks to assert Title VII claims against Robert Wilkie, the undersigned recommends allowing the claims to proceed by directing the Clerk to issue and effect service of process.

Respectfully submitted,

s/ Tu M. Pham
TU M. PHAM
United States Magistrate Judge

December 17, 2019
Date

**NOTICE**

**WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THIS REPORT AND RECOMMENDED DISPOSITION, ANY PARTY MAY SERVE AND FILE SPECIFIC WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS AND RECOMMENDATIONS. ANY PARTY MAY RESPOND TO ANOTHER PARTY'S OBJECTIONS WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY. 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b)(2); L.R. 72.1(g)(2). FAILURE TO FILE OBJECTIONS WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND FURTHER APPEAL.**